IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

HELEN PROCTOR                                                                    PLAINTIFF

v.                                  CASE NO. 2:22-CV-157-BSM

THOMAS J. VILSACK, *et al.*                                                      DEFENDANTS

<u>ORDER</u>

The motions for summary judgment filed by the United States Department of Agriculture ("USDA") and United States Secretary of Agriculture Thomas J. Vilsack [Doc. No. 5] and Michael Scott and Scott & Sons Construction [Doc. No. 27] are granted, and Helen Proctor's motion for summary judgment [Doc. No. 20] is denied. Proctor's complaint is dismissed with prejudice except as to her breach of contract claim against USDA and Vilsack, which is dismissed without prejudice.

I.  BACKGROUND

Proctor is suing USDA and Vilsack (collectively, "USDA Defendants") for breach of contract and declaratory relief under the Administrative Procedure Act ("APA") and Scott and Scott Construction ("Scott Defendants") for breach of contract. Proctor was approved for a $99,500 home construction loan from USDA in 2008 to build a house on land that she owned. USDA Def.'s Br. Supp. Mot. Summ. J. 2, Doc. No. 6. USDA approved Scott Construction's bid, which was the sole bid on the project, and Proctor contracted with it to build the house. Compl. ¶ 13, Doc. No. 1. During construction, in 2009, Proctor became dissatisfied with the quality of Scott Construction's work and its failure to meet contracted

time-lines and build specifications.  Compl. ¶ 16.  She also objected to the three partial payments USDA made to Scott Construction totaling $45,969 despite the concerns she had expressed to USDA.  *See* USDA Def.'s Br. Supp. Mot. Summ J. 2; Compl. ¶ 30(h), (o).

Proctor fired Scott Construction in September 2009.  Scott Def.'s Br. Supp. Mot. Summ. J. 1.  Proctor then proposed several new contractors to USDA to complete construction, but USDA declined those proposals.  USDA Def.'s Br. Supp. Mot. Summ J. 2-3.  USDA eventually closed out Proctor's loan account and sought repayment of the funds paid to Scott Construction.  USDA's collection efforts led to the garnishment of Proctor's Social Security benefits from 2019 to 2022.  *Id.* at 4.

In addition to Proctor's direct interaction with the USDA, her son, Hal Palmer, made a USDA hotline complaint in August 2012, in which he complained about the deficiencies in the house and the conduct of the USDA employees who were handling Proctor's file. Compl. Ex. B at 1. USDA's Office of Human Resource Management ("OHRM") investigated the hotline complaint and identified multiple issues with how the loan was administered.  Compl. Ex. B at 1.  OHRM ultimately determined that it did not have the resources to audit the local rural development loan program, so it referred the hotline complaint and OHRM's findings to the USDA Office of Inspector General.  *Id.* at 3-4.

In May 2015, Palmer filed a disability discrimination complaint on behalf of Proctor with the USDA Office of the Secretary for Civil Rights ("OASCR").  USDA Def.'s Br. Supp. Mot. Summ J. 4.  On March 5, 2019, the USDA Office of the Inspector General closed the hotline complaint because it believed the issues raised in it were being addressed by

OASCR in its review of Proctor's discrimination complaint.  *See* USDA Def.'s Reply Supp.

Mot. Stay of Disc. 1, 3, Doc. No. 17.  On June 18, 2019, USDA found that Proctor had not

been discriminated against and this finding was affirmed on appeal on February 15, 2020.

USDA Def.'s Statement of Undisputed Facts Ex. 1 at 286-305, Doc. No. 7-1, Ex. 2 at 1-18,

Doc. No. 7-2.

Although Proctor's hotline complaint was dismissed because of perceived

redundancies with the discrimination complaint, the former related to USDA personnel's

failure to comply with applicable regulations while the latter related to their alleged

discrimination against Proctor based on her disability.  Thus, it does not appear that USDA's

determination on Proctor's disability discrimination complaint fully addressed Proctor's

concerns about the lawfulness of USDA's conduct.

Proctor sued the USDA on July 21, 2020, and voluntarily dismissed the case without

prejudice on December 10, 2021.  USDA Def.'s Br. Supp. Mot. Summ. J. 4; *Proctor v. Dep't

of Agric.*, 2:20-cv-00154 (E.D. Ark.).  Proctor filed this lawsuit on September 9, 2022.  Doc.

No. 1.  All parties are moving for summary judgment.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material

fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P.

56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  Once the moving party

demonstrates that there is no genuine dispute of material fact, the non-moving party may not

rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336,

340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the nonmoving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.  DISCUSSION

### A.  USDA Defendants

The USDA Defendants' motion for summary judgment is granted because this court lacks jurisdiction over her breach of contract claim and the APA claim is time barred.  Both claims have a six-year statute of limitations.  28 U.S.C. § 2401; *Sisseton-Wahpeton Oyate of Lake Traverse Rsrv. v. U.S. Corps of Eng'rs*, 888 F.3d 906, 917 (8th Cir. 2018) (applying section 2401 to APA claim); *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles Cnty., Inc.*, 977 F.2d 1224, 1226 (8th Cir. 1992) (applying section 2401 to contract claim).

#### 1.  Breach of contract

Proctor's breach of contract claim is subject to Arkansas's savings statute, which "provides that '[i]f any action is commenced within the time . . . prescribed . . . and the plaintiff therein suffers a nonsuit . . . the plaintiff may commence a new action within one (1) year after the nonsuit suffered.'"  *Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897, 900 (8th Cir. 2015) (quoting Ark. Code Ann. § 16-56-126).  Proctor filed her pro se suit, alleging breach of contract, on July 21, 2020; voluntarily dismissed it without prejudice on December 10, 2021; and filed the present suit within section 16-56-126's one-year savings

period on September 9, 2022.  The relevant date is thus six years prior to July 21, 2020, or July 21, 2014.  Proctor alleges that USDA breached the loan contract when it foreclosed on her mortgage.  Compl. ¶ 34.  USDA's actions with respect to the closure of the Section 502 loan occurred as late as August 4, 2015.  USDA Def.'s Statement of Undisputed Facts ¶¶ 30-36; USDA Def.'s Br. Supp. Mot. Summ. J. 4.  Viewing the record in the light most favorable to Proctor, her breach of contract claim against the USDA Defendants was timely filed.

The USDA Defendants are correct, however, that this court lacks jurisdiction over Proctor's breach of contract claim.  Contract claims against the federal government over $10,000 must be filed in the United States Court of Federal Claims: district courts lack jurisdiction over them. *See* 28 U.S.C. § 1346(a)(2) (district courts have original jurisdiction over "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States"); 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States.").  The complaint and exhibits show that Proctor is seeking more than $10,000 in damages.  *See* Compl. ¶¶ 30(n), (o), 55, 56.  Consequently, this court lacks subject matter jurisdiction over Proctor's breach of contract claim and related equitable remedies against the USDA Defendants.  *See V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (holding that the Court of Federal Claims has "exclusive subject matter jurisdiction over all [contract] suits in excess of $10,000" against the United States).

5

## 2. *Administrative Procedure Act*

USDA's actions providing the bases for Proctor's APA claim occurred at the latest, in August 4, 2015, when USDA took its last loan servicing action on Proctor's loan. *See* USDA Def.'s Br. Supp. Mot. Summ. J. 10; USDA Def.'s Statement of Undisputed Facts ¶ 36. This case was filed on September 9, 2022, more than seven years later. Proctor's first lawsuit, which was nonsuited, did not toll the statute of limitations because the Arkansas savings statute does not apply to federal claims. *See Victor Foods*, 977 F.2d at 1227 ("[S]tate tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim."). Thus, Proctor's APA claim against the USDA Defendants is time barred and must be dismissed.

Although Proctor's APA claim is time barred, she still may be able to seek judicial review of USDA's internal adjudication of her hotline and discrimination complaints, which appears to constitute final agency action and occurred more recently. *See Hawkes Co. v. U.S. Army Corps of Eng'rs*, 782 F.3d 994, 999 (8th Cir. 2015) ("The APA provides for judicial review of a 'final agency action for which there is no other adequate remedy in a court.'") (quoting 5 U.S.C. § 704); *Harrod v. Glickman*, 206 F.3d 783, 787 (8th Cir. 2000) (stating that courts may overturn an agency's decision that is "not supported by substantial evidence on the whole record" or "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law") (quoting 5 U.S.C. § 706(2)).

USDA made a final agency determination on Proctor's discrimination complaint on June 18, 2019. USDA closed Proctor's hotline complaint on March 5, 2019. USDA's final

6

agency determination on Proctor's claims in the hotline complaint thus occurred either on March 5, 2019, or when USDA decided her discrimination complaint on June 18, 2019. This grant of summary judgment, therefore, should not be understood as precluding a lawsuit on those claims.

B.    Scott Defendants

The Scott Defendants' motion for summary judgment is granted because Proctor's claim against them is time barred. Construction contract disputes have a five year statute of limitations. Ark. Code Ann. § 16-56-111; *Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 114 S.W.3d 189, 198 (Ark. 2003). Proctor's claims against the Scott Defendants accrued no later than January 10, 2010, when USDA approved Proctor's request to terminate the contract. Scott Def.'s Br. Supp. Mot. Summ. J. 1. Proctor does not allege any equitable doctrine that could toll the limitations period and the Scott Defendants were not parties to her first suit, making Arkansas's savings statute inapplicable. *Dillaha v. Yamaha Motor Corp., U.S.A.*, 23 F.3d 1376, 1377 (8th Cir. 1994) (stating that section 16-56-126 permits filing a new complaint within one year of a non-suit as long as the cause of action is "the same in substance as the original complaint at the time the latter was nonsuited") (cleaned up). The statute of limitations therefore ran on January 11, 2015, more than seven years before Proctor filed this suit.

C.    Helen Proctor

Because Proctor's claims either are time barred or this court lacks subject matter jurisdiction over them, Proctor's motion for summary judgment is denied.

## IV.  CONCLUSION

For these reasons, the motions for summary judgment by the USDA Defendants and Scott Defendants are granted, and Helen Proctor's motion for summary judgment is denied. Proctor's complaint is dismissed with prejudice except as to her breach of contract claim against the USDA Defendants, which is dismissed without prejudice.

IT IS SO ORDERED this 26th day of September, 2023.

UNITED STATES DISTRICT JUDGE